UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TINA JOHNSON | CIVIL ACTION NO. 1:17-cv-0534 |
| VERSUS | JUDGE TRIMBLE |
| C. H. WILKINSON PHYSICIAN NETWORK, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Tina Johnson ("Plaintiff") filed suit in state court against five defendants and alleged that they were liable for discriminatory discharge from employment in violation of La. R.S. 23:323 (disability discrimination). Defendants removed the case based on an assertion of diversity jurisdiction. They allege that Plaintiff, a Louisiana citizen, seeks more than $1,000,000 in damages against her former employer, C. H. Wilkinson Physician Network ("the Network"), which describes itself as a corporation "whose domicile and principal place of business is Irving, Texas."

A corporation is a citizen of the state in which (1) it is incorporated and (2) the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

The Network did not specifically allege the state in which it was incorporated, but online sources suggest that it was incorporated in Texas. Accordingly, the Network's reference to it being "domiciled" in Texas will be interpreted as an allegation that it is incorporated in Texas unless the Network states otherwise on the record within 30 days. It is critical that allegations of citizenship be precise and resolved in the early stage of the litigation to avoid a waste of time. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530 (5th Cir. 2017).

The notice of removal alleges or implies that the other four defendants are citizens of Louisiana, but it argues that their citizenship should be ignored pursuant to the improper joinder doctrine outlined in Smallwood v. Illinois Central RR Co., 385 F.3d 568 (5th Cir. 2004). Plaintiff has not challenged the improper joinder plea in the month since removal, but the court is obligated to determine subject-matter jurisdiction, including whether a party is improperly joined, on its own initiative. Gasch v. Hartford Acc & Indem. Co. 491 F.3rd 278, 281 (5th Cir. 2007).

If Plaintiff contests the assertion that all four other defendants were improperly joined, she must file a motion to remand, supported by a memorandum, by **June 9, 2017**, and explain why there is a reasonable basis to predict that state law would allow Plaintiff to recover against the other four defendants. If Plaintiff timely files a motion to remand, it will be noticed for briefing so that the Network can respond and attempt to meet its burden on the improper joinder issue. If Plaintiff does not timely file a motion to remand and challenge the

improper joinder plea, the court will consider Plaintiff to concede the point, the other four defendants will be dismissed without prejudice[1], and the case will proceed toward a Scheduling Order.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of May, 2017.

_____
Mark L. Hornsby
U.S. Magistrate Judge

---

[1] Where the court determines that a defendant has been improperly joined and should be dismissed, that dismissal must be without prejudice. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 210 (5th Cir. 2016).