UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TINA JOHNSON | CIVIL ACTION NO. 1:17-cv-0534 |
| VERSUS | JUDGE TRIMBLE |
| C. H. WILKINSON PHYSICIAN NETWORK, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Tina Johnson ("Plaintiff") was fired from her job at a medical clinic. She filed suit in state court against five defendants and alleged that they were liable for discriminatory discharge from employment in violation of La. R.S. 23:323 (disability discrimination). Defendants removed the case based on an assertion of diversity jurisdiction. They acknowledge that there is not complete diversity on the face of the petition because Plaintiff and four of the defendants are Louisiana citizens. Defendant C. H. Wilkinson Network ("the Network") argues that removal is nonetheless allowed because there is diversity between Plaintiff and the Network, and all other defendants were improperly joined.

Plaintiff did not initially contest the removal, but the court issued an order and explained that the court is obligated to determine subject-matter jurisdiction, including whether a party is improperly joined, on its own initiative. Gasch v. Hartford Acc & Indem. Co. 491 F.3rd 278, 281 (5th Cir. 2007). Plaintiff was allowed the opportunity to file a motion to remand if she challenged the improper joinder plea. Otherwise, she would be

deemed to concede the improper joinder, and the other four defendants would be dismissed without prejudice. Plaintiff then filed a Motion to Remand (Doc. 12) that is before the court. For the reasons that follow, it is recommended that the motion to remand be denied.

**Improper Joinder**

Congress has provided a statutory framework for removal of certain cases where there is diversity of citizenship. Those statutes have been interpreted by the courts to require complete diversity; jurisdiction is lacking if any defendant is a citizen of the same state as any plaintiff. That strict requirement would, on its face, permit a plaintiff to name as a defendant any citizen of his home state and defeat removal. To prevent such shams, the "judge-imported concept of fraudulent joinder" has developed. Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968). The Fifth Circuit has since adopted the term "improper joinder" to describe the doctrine. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568 n. 1 (5th Cir. 2004) (en banc).

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Only the second way is at issue in this case. That second test asks whether the defendant has demonstrated there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the in-state defendant. Smallwood, 385 F.3d at 573; Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003).

The "no reasonable basis" contest may take place in two different settings. In the first, the defendant challenges the adequacy of the plaintiff's pleadings, without the submission

of evidence. The court conducts a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim under state law against the in-state defendant. <u>Smallwood</u>, 385 F.3d at 573. Any ambiguities in state law must be resolved in favor of the plaintiff. <u>Gray v. Beverly Enterprises-Mississippi, Inc.</u>, 390 F.3d 400, 405 (5th Cir. 2004).

But merely pleading a valid state law claim, or one whose validity is reasonably arguable, against the resident defendant does not necessarily mean that the joinder of the resident defendant is proper. The second setting for the "no reasonable basis" contest permits the defendant to challenge the plaintiff's allegations and attempt to demonstrate by summary judgment-type evidence that the plaintiff is unable to prove all of the facts necessary to prevail. The court has discretion in those circumstance to pierce the pleadings and analyze the improper joinder claim based on that evidence. <u>Hornbuckle v. State Farm Lloyds</u>, 385 F.3d 538, 542 (5th Cir. 2004).

**The Petition**

Plaintiff alleges that she was hired full time by the Network at its Marksville Family Care Center to work as a Business Office Administrator I. Her duties included checking in patients, processing X-rays, changing water jugs, and pushing wheelchair-bound patients from their vehicles into the lobby. Petition, ¶ 4. Plaintiff missed several weeks of work after she was involved in a car accident that caused severe neck and lower back injuries. Her physician eventually released her to return to work with certain limitations on matters such as lifting and the number of hours per week she could work. The defendants accommodated Plaintiff, and she returned to work. ¶¶ 5-6.

Plaintiff was later promoted to Business Office Administrator II. Her duties were similar to before but included some additional administrative matters such as verifying insurance coverages and keying and scanning nursing home accounts. ¶ 7. About three months after the promotion, Plaintiff's physician performed a laminectomy and microdiskectomy, and he put her on a "no work" status for several weeks. He eventually released Petitioner to work with lifting and time limitations. The defendants accommodated Plaintiff, and she returned to work. ¶ 8. Plaintiff's physician later modified her work restrictions to include frequent breaks, and he added restrictions on matters such as lifting, sitting, and walking. The defendants accommodated Plaintiff, and she continued working on a limited schedule. ¶¶ 9-10.

There were no complaints about Plaintiff's work performance, but the defendants eventually began to question Plaintiff's physician about her restrictions. ¶¶ 12-13. Then, defendants Tracy Rada and Stephanie Arnold "collectively fired petitioner advising they could no longer accommodate her since it was not known how long Dr. Blanda would continue the restrictions." ¶ 14.

Plaintiff's petition states in its title that it is brought pursuant to La. R.S. 23:303, which is the provision of the Louisiana Employment Discrimination Law ("LEDL") that allows a plaintiff to bring a cause of action against an employer. The petition specifically invokes La. R.S. 23:323, which makes it unlawful for an employer to discriminate an employment against an otherwise qualified person with a disability. ¶¶ 3 and 15. Plaintiff

prays for an award of compensatory damages and other relief available under La. R.S. 23:303. ¶ 18. Her petition does not assert a cause of action under any other laws.

**Analysis**

### A. Introduction

The petition names five defendants:

(1) C. H. Wilkinson Physician Network

(2) St. Francis Cabrini Hospital Foundation of Alexandria

(3) Marksville Family Care Center

(4) Stephanie Arnold

(5) Tracy Rada

The Network argues that it is Plaintiff's only employer within the meaning of the LEDL. It contends that Plaintiff has no cause of action against under the LEDL against any of the other defendants.

### B. Employers under the LEDL

The LEDL, in Section 303(A), allows a plaintiff to file a civil suit if she has a cause of action "against an employer, employment agency, or labor organization" for a violation of the Act. It defines an employer as a person or entity "receiving services from an employee and, in return, giving compensation of any kind to an employee." La. R.S. 23:302(2). The law also states that it applies only to an employer who employs 20 or more employees within the state. Id.

The Supreme Court of Louisiana has held that the statute means what it says. "To be an employer for the purposes of the LEDL one must 1) receive services from an employee *and* in return give compensation to that employee and 2) must meet the requirement of a minimum number of employees (currently twenty or more)." Dejoie v. Medley, 9 So.3d 826, 830 (La. 2009). In determining whether an employer gave compensation, factors to consider include who paid the employee's wages; who withheld payroll taxes; whether the employee's name appeared on the employer's payroll; and whether the employee participated in the employer's benefit plans. Id.

### C. The Foundation

St. Francis Cabrini Hospital Foundation of Alexandria is named as a defendant in paragraph one of the petition. Its next mention does not come until the prayer, and there is no indication in the petition of why the Foundation is named as a defendant. Plaintiff's motion to remand offers no explanation.

Defendants offer evidence, discussed below, that Plaintiff was employed by the Network, which issued all of her paychecks during her employment. An assessment of the allegations and evidence compels a recommendation that the Foundation be found to be improperly joined. Defendants have demonstrated that there is no reasonable basis to predict that Plaintiff might be able to recover against the Foundation under the LEDL.

### D. Marksville Family Care Center

The petition names as a defendant Marksville Family Care Center, which it describes as a domestic company doing business in Louisiana. The petition alleges that Plaintiff was hired by the Network at its Marksville Family Care Center facility.

Defendants respond with an affidavit from Charleen Nelson, a human resource official with the CHRISTUS company. She testifies that the "Marksville Family Care Center" is an inactive Louisiana trade name that was owned by CHRISTUS and the Network. The Network facility in Marksville is currently operated under the trade name "CHRISTUS Family Care Center - Marksville." Ms. Nelson testifies that Plaintiff "did not perform work for and was not compensated by the 'Marksville Family Care Center'." Rather, the Network issued all paychecks to Plaintiff during her employment, and the Network withheld all payroll taxes.

Plaintiff argues in her motion to remand that "Defendant" applied for and registered the trade name at issue, and Plaintiff argues that the "company" has not been dissolved or revoked as a trade name. Plaintiff attaches a printout from the Louisiana Secretary of State which shows that the trade name was, as represented by Defendants, held by the Network. The document also indicates that the trade name is inactive because it was canceled in 2011. Plaintiff points to a page from the clinic's website that uses the trade name.

A mere mention of an expired trade name on a website does not convert the trade name into an active corporation. Moreover, there is neither a direct allegation nor evidence that the Care Center was Plaintiff's employer. All evidence indicates that the Network was her sole employer. Accordingly, it is recommended that the court find the Marksville Family

Care Center was improperly joined. Defendants have demonstrated that there is no reasonable basis for Plaintiff to recover against the expired trade name under the LEDL.

### E. Stephanie Arnold and Tracy Rada

The remaining defendants to assess are Stephanie Arnold and Tracy Rada. Plaintiff alleges that Rada was the clinic manager, and Arnold was the clinic director. Petition, ¶ 16. She also alleges that the two supervisors "collectively fired" Plaintiff from her job. ¶ 14.

It is well established that the LEDL does not provide a cause of action against co-workers or other individual employees, only against employers. Foreman v. Our Lady of Lourdes Reg'l Med. Ctr., Inc., 2013 WL 5410135, *5 (W.D. La. 2013); Thomas v. Tangipahoa Par. Sch. Bd., 2015 WL 9268542, *5 (E.D. La. 2015); Postell v. Lane, 2014 WL 4925665, *4 (M.D. La. 2014). Plaintiff's petition does not directly allege that either supervisor was Plaintiff's employer. There is also no evidence that either supervisor was an employer or employed a minimum number of employees to be liable under the LEDL. It is recommended that the court find these two defendants were improperly joined.

Plaintiff alleged in ¶ 16 of her petition that the two supervisors were acting in the course and scope of their employment "and are liable under the doctrine of respondeat superior." That doctrine makes an employer liable for torts committed by an employee during the course and scope of her employment, but it does not make an individual employee liable for a violation of the LEDL committed by her employer. The Network was Plaintiff's only employer, so it is the only defendants that is potentially liable under the LEDL.

**Conclusion**

Defendants have met their burden of demonstrating that there is no reasonable probability that Plaintiff could recover against any defendant other than the Network. Those defendants were, therefore, improperly joined and their citizenship may be ignored. The appropriate action when a defendant has been improperly joined is to dismiss all claims against that defendant without prejudice. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 210 (5th Cir. 2016). Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion to Remand (Doc. 12)** be **denied** and that all claims against St. Francis Cabrini Hospital Foundation of Alexandria, Marksville Family Care Center, Stephanie Arnold, and Tracy Rada be **dismissed without prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of July, 2017.

Mark L. Hornsby<br>U.S. Magistrate Judge